# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| BERNARD AND SYLVIA LECHMAN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ACCOUNT CONTROL TECHNOLOGY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs, BERNARD AND SYLVIA LECHMAN ("Plaintiff"), by their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against Defendant ACCOUNT CONTROL TECHNOLOGY, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Defendant conducts business in the State of Maryland, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiffs are natural persons, who reside in Cumberland, Maryland. Plaintiffs are each a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

6. Defendant is a debt collection company, which maintains its headquarters at 5531 Business Park St., Bakersfield, California 93309.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. At all relevant times, Defendants contacted Plaintiffs in an effort to collect an alleged debt and/or obtain location information for Plaintiffs' daughter.

10. The alleged debt arose out of transactions that were for personal, family or household purposes.

11. Upon information and belief, the debt that Defendant was seeking to collect was an unpaid student loan debt taken out by Plaintiffs' daughter when she was 38 years old.

12. Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

12. Throughout August 2013, Defendant placed repeated harassing telephone calls to Plaintiffs' home telephone.

13. Defendant's harassing collection calls originated from numbers including, but not limited to (202) 808-3002. The undersigned has confirmed this number belongs to Defendant.

14. During this time, Plaintiffs received at least one phone call daily.

15. Plaintiffs repeatedly told Defendant's collectors that their daughter did not live with them, they had not spoken with her in three years, and to stop calling and remove their number.

16. Defendant ignored this information and request that the calls cease and continued to call Plaintiffs seeking to collect this debt and/or obtain information on Plaintiffs' daughter.

17. Defendant also failed to send anything in writing to Plaintiffs pursuant to the FDCPA setting forth their rights under the Act.

18. Defendant's actions as described herein were taken with the intent to intimidate, annoy, harass, and coerce payment from Plaintiffs for a debt they did not owe.

**COUNT I**
**DEFENDANT VIOLATED §1962b(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

19. Section 1692b(3)of the FDCPA prohibits any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer to communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

20. Defendant violated §1692b(3) of the FDCPA by continuously contacting Plaintiffs when Plaintiffs had made it clear they had no information about their daughter, but Defendant continued to call.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

22. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it harassed Plaintiffs by calling repeatedly and continuously, ignoring their requests to stop calling, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

25. Defendant violated §1692f of the FDCPA when it engaged in unfair and unconscionable conduct by calling Plaintiffs on a repeated basis concerning a debt they did not owe when they told Defendant's collectors their daughter did not live with them, they had not

4

PLAINTIFF'S COMPLAINT

communicated with her in three years and told them to stop calling, and when it engaged in other unfair or unconscionable conduct.

**COUNT IV**
**DEFENDANT VIOLATED § 1692g OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692g of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt and the name of the creditor to whom the debt is owed.

27. Defendant violated § 1692g of the FDCPA when it failed to send the Plaintiff notification of her right to dispute the debt or to demand verification thereof.

WHEREFORE, Plaintiffs, BERNARD AND SYLVIA LECHMAN, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE Plaintiffs, BERNARD AND SYLVIA LECHMAN demand a jury trial in this case.

DATED:  6/25/14                     By: /s/ Amy L. Bennecoff

                                                 Amy L. Bennecoff
                                                 Kimmel & Silverman, P.C
                                                 Bar ID No. 29950
                                                 30 East Butler Pike
                                                 Ambler, PA 19002
                                                 Telephone: (215) 540-8888
                                                 Facsimile (215) 540-8817
                                                 Email: abennecoff@creditlaw.com
                                                 Attorney for Plaintiff

PLAINTIFF'S COMPLAINT